**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELVIN HUGO BATEN BATEN, | |
| Petitioner, | |
| v. | 3:26cv1538 |
| WARDEN LEONARD ODDO, ET AL., | ELECTRONICALLY FILED |
| Respondents | |

**MEMORANDUM ORDER DENYING PETITIONER ELVIN HUGO BATEN BATEN'S PETITION FOR A WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2241 (Doc. 1)**

Pending is Petitioner Elvin Hugo Baten Baten's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1).

## I. Background

Petitioner asserts in his habeas petition, and Respondents do not dispute, that Petitioner: (1) is a native and citizen of Guatemala; (2) entered the United States in 2003 without having been admitted or paroled; (3) was arrested without a warrant and detained by ICE on August 6, 2026, (4) has a pending removal proceedings, *i.e.*, he is not subject to a final order of removal; and (5) currently is detained at Moshannon Valley Processing Center ("MVPC").

Petitioner claims in his habeas petition that: (1) his civil detention violates his procedural due process rights under the Fifth Amendment (Count One): (2) his detention violates his substantive due process rights under the Fifth Amendment (Count Two); (3) applying 8 U.S.C. § 1225 ("Section 1225") to him violates the plain language of Section 1225 and his warrantless arrest and detention also violates the plain language of 8 U.S.C. § 1226(a) ("Section 1226(a)") and its implementing regulations (Count Three); and (4) subjecting Petitioner to mandatory detention under Section 1225, or alternatively, warrantless arrest and detention under Section

1226 violates the Administrative Procedure Act ("APA") because it is not in accordance with law, and is arbitrary and capricious (Count Four).

By way of relief, Petitioner seeks an Order that: (1) enjoins Respondents from transferring Petitioner outside the jurisdiction of the Western District of Pennsylvania pending the resolution of this case; (2) declares that Petitioner's detention violates the Due Process Clause of the Fifth Amendment, the APA, and the Immigration and Nationality Act ("INA"), specifically 8 U.S.C. § 1226(a); (3) grants a writ of habeas corpus ordering Respondents to immediately release Petitioner from custody on his own recognizance or under parole, bond, or reasonable conditions of supervision, or alternatively, grants a writ of habeas corpus ordering Respondents to provide a prompt and individualized bond hearing before a neutral Immigration Judge applying the proper standards under Section 1226(a); and (4) awards reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504, and 28 U.S.C. § 2412.

On August 21, 2026, Respondents filed their response in opposition to Petitioner's habeas petition, arguing that mandatory detention under Section 1225(b)(2) applies to this case. (Doc. 7 at 1-2).

Petitioner had until August 26, 2026, to file a reply brief. (Doc. 4). To date, no such brief has been filed.

On October 2, 2026, in response to the Court's Order that "Respondents shall file a Notice with the Court addressing whether Petitioner has received a bond hearing, and if so, what was the decision," (Doc. 8), Respondents filed a Notice that stated: "A bond hearing was conducted for the Petitioner on September 14, 2026. Release on bond was denied. The Immigration Judge concluded that the Petitioner is a flight risk" (Doc. 9).

Accordingly, this matter has been fully briefed and is ripe for adjudication.

## II. Discussion and Findings

It is undisputed that Petitioner was detained by ICE without a warrant in the interior of the United States on August 6, 2026, approximately 23 years after Petitioner entered the United States without having been admitted or paroled. It is also undisputed that Petitioner has a pending removal case and that on September 14, 2026, Petitioner received a bond hearing before an immigration judge ("IJ"), and was ordered detained due to the IJ's finding that Petitioner is a flight risk.

In light of said facts, the Court finds that Petitioner's current detention is governed by Section 1226(a) and Respondents' conduct with respect to Petitioner's detention violated the INA and Petitioner's rights under the Fifth Amendment's Due Process Clause. *See* 8 U.S.C. § 1226(a); *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026).[1]

The Court further finds that the appropriate relief for said violations is a bond hearing pursuant to Section 1226(a), and not, as requested by Petitioner, immediate release from custody on his own recognizance or under parole, bond, or reasonable conditions of supervision.

The Court further finds that because Petitioner has received the relief, a bond hearing, to which he is entitled for Respondents' unlawful conduct, Petitioner's request for "a prompt and individualized bond hearing before a neutral Immigration Judge applying the proper standards under 8 U.S.C. § 1226(a)" is denied as moot.[2]

---

[1] In light of these findings, the Court need not reach Petitioner's alternative APA challenge to Respondents' detention authority.

[2] Nothing in this Memorandum Order affects Petitioner's right to appeal the IJ's decision to the BIA.

Further, the Court finds that it lacks jurisdiction to enjoin Respondents from transferring Petitioner outside the jurisdiction of the Western District of Pennsylvania pending the resolution of this case. Congress has vested the Secretary of Homeland Security and his/her delegates, such as United States Immigration and Customs Enforcement ("ICE") with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS' discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts' jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS' decisions under § 1231. *See, e.g., Jane v. Rodriguez*, Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen.*, 452 F. App'x 196, 198 (3d Cir. 2011) (jurisdiction-stripping provision in § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Finally, the Court finds that because Respondents filed their Response to Petitioner's habeas petition prior to the United States Court of Appeals for the Third Circuit issuing its decision in *Buele Morocho, supra.*, at a time when there was a split of authority amongst numerous other federal courts of appeal as to whether the detention of a petitioner similarly situated to Petitioner was governed by Section 1225(b) or Section 1226(a), Respondents'

position was substantially justified in this case. Accordingly, no costs or attorney fees shall be awarded pursuant to the EAJA and 28 U.S.C. § 2412.

SO ORDERED this 9th day of October, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel of Record